## DELLA PARSONS v. GEORGE PARSONS.

MAY TERM, 1895.

*Annullment of marriage for that consent was obtained by fraud.*

1. A decree of the county court annulling a marriage under V. S., s. 2261, upon the ground that the consent of the petitioner was obtained by fraud, will not be reversed, if there was any evidence tending to show such fraud.

2. Evidence showing that the petitionee fraudulently obtained a marriage certificate by representing to the town clerk that he was a resident of the town where he was not; that he then told the petitioner, who was less than eighteen years of age, that the certificate was all right, that having obtained it they were obliged to get married, and that her parents had no control over her in the matter, tends to show that the consent of the petitioner was obtained by fraud.

Petition for the annullment of a marriage for that the consent of the petitioner was obtained by fraud. Heard at the September term, 1894, Washington county, MUNSON J., presiding. The court found the fact of the fraud and annulled the marriage. The petitionee excepted for that there was no evidence to support the finding of fraud.

*W. A. Lord* and *F. L. Laird* for the petitionee.

*Dillingham, Huse & Howland* for the petitioner.

If there was any evidence of fraud, the decree of the county court cannot be disturbed. *Card* v. *Sargent,* 15

Vt. 393; *Emerson* v. *Young*, 18 Vt. 603; *Stevens* v. *Hewitt*, 30 Vt. 262; *Kelton* v. *Leonard*, 54 Vt. 230.

There was such evidence. *Roberson* v. *Cole*, 12 Tex. 356; *Lyndon* v. *Lyndon*, 69 Ill. 43; *Hull* v. *Hull*, 15 Jurist 710; *Moot* v. *Moot*, 37 Hun. 288; *Mount Holly* v. *Andover*, 11 Vt. 226; *Clark* v. *Field*, 13 Vt. 460; *Barnes* v. *Wyethe*, 28 Vt. 41; *Shoro* v. *Shoro*, 60 Vt. 268.

TAFT, J. This is a proceeding to annul a marriage contract, under s. 2261, V. S., which provides that a marriage contract may be annulled when the consent of either party was obtained by fraud. The court below "found that the petitioner's consent was obtained by fraud and decreed an annulment of the marriage." The testimony is before us, and the question is whether there was any testimony in the case tending to support the finding. If there was the decree cannot be disturbed. Whether there was any testimony, is a question subject to our revision; its weight and sufficiency was for the court below and cannot be revised by us. The parties never voluntarily cohabited, an essential requisite to a decree. V. S., s. 2269. The petitionee residing in Berlin, the marriage certificate should have been issued by the clerk of that town, V. S., s. 2633, but failing in obtaining one of him and also in Montpelier, the petitionee fraudulently obtained one in Barre by falsely representing to the clerk in that town that he resided there and that the petitioner was eighteen years of age. The testimony disclosed by the record tends to show, that although the petitioner knew of the misrepresentation as to her age, she believed that the certificate was valid and "all right;" that the petitionee represented to the petitioner that, having obtained the certificate, she had got to go and enter into the marriage; upon her stating to him that she did not know that she had got to go and get married, for the reason that the certificate had been obtained, he repeated the representation; that

the petitionee further represented to her, that her parents had no right to control her in the matter or to tell her what to do. Such representation was false, for V. S., s. 2637, reads : "A town clerk shall not issue a marriage certificate to a minor without the consent in writing of the parent or guardian of such minor, if there is one competent to act." The petitionee knew of the petitioner's parents for he was an inmate of their house, and knew she was not eighteen years of age. The triers might well find from this testimony that her consent was obtained by fraud ; that she was made to, and did believe, that the marriage certificate was valid, that she was under compulsion to enter into marriage, and that her parents had no right to control her in the matter ; and that her apparent willingness to enter into the marriage, at the time of its solemnization, was the result of the gross fraud practised upon her. The exception taken by the petitionee which was "to the rendition of the judgment. on the ground that there was no evidence to support a finding of fraud" is not sustained.

*Decree annulling the marriage affirmed.*

Start, J., dissents.